UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | CIVIL ACTION NO: 1:19-cv-00119-JDL |
| **Plaintiff** | PLAINTIFF'S RESPONSE TO DEFENDANT'S COUNTERCLAIMS |
| vs. | RE:<br>4289 Union Street, Levant, ME 04456 |
| **Greg A. King** | Mortgage:<br>October 26, 2011<br>Book 12641, Page 300 |
| **Defendant**<br>**Maine Department of Health and Human Services, Division of Support Enforcement and Recovery** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") and hereby responds to what has been "liberally" interpreted by the Court as a Counterclaim by Defendant, Greg A. King ("Mr. King"). Plaintiff incorporates by reference its opposition to the Defendant's Motion to Dismiss. Plaintiff does not admit that the document entitled a "Special Deposit" constitutes a Counterclaim, but files this response in compliance with the Court's Orders of May 30, 2019. Although Mr. King's filing is not numbered, U.S. Bank shall attempt to respond in a logical manner to the various alleged issues raised by Mr. King.

As an initial matter, Mr. King claims to be "The Principal and Beneficial Equitable Title Holder and not an infant/minor." U.S. Bank admits that Mr. King is not a minor and has insufficient information to respond to the remainder of that claim and therefore denies the claim

1

noting that it is unclear (as it is throughout the "Special Deposit") what exactly constitutes the Trust that Mr. King alleges or its' corpus (pages 1-2) .

U.S. Bank denies any conversion by it or the Court of any assets now or ever owned by Mr. King other than the claims outlined in the Complaint which (along with the attachments filed therewith) speak for themselves (page 2).

U.S. Bank denies that Mr. King has any defense or justifiable claims through any type of trust whatsoever which is for the benefit of Mr. King (page 2 and throughout the "Special Deposit").

U.S. Bank specifically denies the allegations in page 8, including but not limited to any "evicting at gunpoint", trespass, special relationship, violation of any "infant estate" or the court and it's officers [being] the legal title holder of any of the property being litigated before the court (page 8).

Mr. King claims "I am not now acting in the capacity as the named defendant, I am the beneficiary and equitable title holder."  U.S. Bank responds that, at face value, the "Special Deposit" should not therefore be considered by the Court and the Defendant should be defaulted by the Court.  Answering further, U.S. Bank denies that there exists any trust for the benefit of Mr. King based upon the subject property or any claims brought by U.S. Bank (page 8).

Throughout the "Special Deposit" Mr. King references numerous cases purportedly relevant to the issues before this Court. U.S. Bank denies that any of Mr. King's caselaw references have any direct or indirect relevance to what is essentially a straight forward foreclosure action as outlined in the filed Complaint (pages 9-41).

Mr. King attaches to his "Special Deposit" a copy of what is alleged to be his birth certificate. U.S. Bank denies that this document has any relevance to the matter before the Court (page 11).

U.S. Bank denies that Mr. King was coerced into signing any of the documents related to this loan and notes that not only did Mr. King sign the note (Exhibit B to the Complaint) and the mortgage (Exhibit C to the Complaint) on October 26, 2011, he also signed a loan modification agreement (Exhibit G to the Complaint) on February 3, 2016, and a second loan modification (Exhibit H to the Complaint) on September 25, 2017, reaffirming the existence of the loan and his execution of the loan documents (page 21). The aforesaid documents clearly show that consideration was given for this transaction and they are valid.

Mr. King makes further references to peonage and bondage (page 22), that the loan has been satisfied (page 24), that the loan has been terminated (page 35), that U.S. Bank is somehow forcing slavery and involuntary servitude (page 37). U.S. Bank denies each and every one of those claims.

U.S. Bank further denies engaging in any deceit for the purpose of stealing property, equity, money and labor (page 30).

U.S. Bank further generally denies that it or any of its predecessor's-in-interest have engaged in any conduct, action, or inaction that would entitle Mr. King to damages, offset of the claims of U.S. Bank or any other relief.

## AFFIRMATIVE DEFENSES

1) The "Special Deposit" fails to state a valid cause of action.

2) Mr. King's claims are barred by laches.

3) Mr. King's claims are barred by his own prior breach.

4) Mr. King's claims are barred by the statute of frauds.

5) Mr. King's claims are barred by the applicable statute of limitations.

|  |  |
|---|---|
| DATED:  June 18, 2019 | /s/John A. Doonan, Esq. |
|  | John A. Doonan, Esq., Bar No. 3250 |
|  | Reneau J. Longoria, Esq., Bar No. 5746 |
|  | Attorneys for Plaintiff |
|  | Doonan, Graves & Longoria, LLC |
|  | 100 Cummings Center, Suite 225D |
|  | Beverly, MA 01915 |
|  | (978) 921-2670 |
|  | JAD@dgandl.com |
|  | RJL@dgandl.com |

## CERTIFICATE OF SERVICE

I, John A. Doonan, Esq., hereby certify that on this 18th day of June, 2019, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Greg A. King
4289 Union Street
Levant, ME 04456

DHHS
415 Congress Street, Suite 301
Portland, ME 04101