UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, <br><br> Plaintiff <br><br> v. <br><br> GREG A. KING, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:19-cv-00119-JDL |

### RECOMMENDED DECISION ON MOTION TO DISMISS

In this foreclosure action, the *pro se* defendant asserted what I previously construed as a motion to dismiss in response to the plaintiff's complaint. *See* ECF Nos. 13, 16-17. The defendant's grounds for dismissal are unclear, but given his extensive discussion of jurisdiction, *see* Motion To Dismiss (ECF No. 17), contained in Special Deposit ("Original Filing") (ECF No. 13), at 8-9, 11-13, I evaluate his motion on jurisdictional grounds. Because this court has jurisdiction over this action, and the defendant does not explicate his argument otherwise, I recommend that the court deny the Motion To Dismiss.

### I. Applicable Legal Standard

When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject matter jurisdiction through extrapleading material. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 159-60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club*

1

*Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

## II. Background

On March 21, 2019, the plaintiff filed this foreclosure action against the *pro se* defendant. *See generally* Complaint (ECF No. 1). The defendant's answer was due on April 26, 2019. On April 25, 2019, the defendant filed a "bond," in which he attempted to tender 22 silver dollars in satisfaction of his debt. *See generally* Bond (ECF No. 9). I ordered the defendant to file a proper response to the complaint within 21 days. *See* ECF No. 11. On May 28, 2019, the defendant filed the Original Filing, which I construed as a motion to dismiss with an appended counterclaim. *See* ECF Nos. 13, 16-17.

In its complaint, the plaintiff alleges, in relevant part, that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) because the plaintiff is a national organization with its principal place of business in Oklahoma, the defendant is a resident of Maine, and the action involves a mortgage note pursuant to which the defendant owes more than $199,000. *See* Complaint ¶¶ 1-2, 4-5.

## III. Discussion

The defendant asks the court "to void the proceedings or to set-off, settle, and discharge the instant cause of action[.]" Original Filing at 14. Notably, the defendant fails to point to any deficiency in the plaintiff's complaint. *See generally id.* My inquiry could end here.

However, in the portion of the Original Filing that I construe as the defendant's counterclaim, the defendant discusses jurisdiction and appears to ask the court to use its equitable jurisdiction to adjudicate this action. *See, e.g., id.* at 8-9 ("This matter must proceed in equity, and failure and/or refusal to proceed at equity, under exclusive jurisdiction[,] will constitute contempt

of justice."). To the extent that the defendant intends to challenge this court's subject matter jurisdiction, his argument fails.

This court has subject matter jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). To the extent that the plaintiff is required to demonstrate that this court has jurisdiction, I find that it has met that burden through supporting documentation attached to its complaint. *See, e.g.*, ECF No. 1-8 at 4 (listing unpaid principal balance of $167,517.68 as of September 7, 2017); ECF No. 1-9 at [1]-[2] (notifying defendant at two Maine mailing addresses by letter dated December 21, 2018, of default on mortgage loan with 11 missed monthly payments); ECF No. 1-6 (listing Oklahoma address for plaintiff). Thus, this court has subject matter jurisdiction.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **DENY** the Motion To Dismiss.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of September, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge