UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>       *Plaintiff*<br>v.<br><br>GREG A. KING,<br><br>       *Defendant* | No. 1:19-cv-00119-JDL |

## *RECOMMENDED DECISION ON DEFENDANT'S COUNTERCLAIM AND ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT*

In this foreclosure action, the *pro se* defendant asserts a counterclaim as part of a filing that I previously construed as a motion to dismiss the plaintiff's complaint, *see* Special Deposit (ECF No. 13); Order (ECF No. 16), and the plaintiff seeks an entry of default against the defendant for failing to file a responsive pleading or "meaningfully appear in this matter," Plaintiff's Motion for Entry of Default as to Defendant, Greg A. King ("Motion for Entry of Default") (ECF No. 27). Both the defendant's counterclaim and the plaintiff's motion are procedurally defective. On that basis, I deny the plaintiff's motion without prejudice and recommend that the court dismiss the defendant's counterclaim without prejudice and direct him to file an answer within 14 days of the court's ruling.

### I. Background

On March 21, 2019, the plaintiff filed this foreclosure action against the defendant. *See generally* Complaint (ECF No. 1). The defendant's answer was due on April 26, 2019. On April 25, 2019, the defendant filed a "bond," in which he attempted to tender 22 silver dollars in satisfaction of his debt. *See generally* Bond (ECF No. 9). I ordered the defendant to file a proper

1

response to the complaint within 21 days. *See* ECF No. 11. On May 28, 2019, the defendant filed a "Special Deposit," ECF No. 13, which I construed by order dated May 30, 3019, as a motion to dismiss with an appended counterclaim, *see* ECF No. 16. On September 9, 2019, the plaintiff filed a motion for the entry of default against the plaintiff pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Motion for Entry of Default.

## II. Discussion

### A. Plaintiff's Motion for Entry of Default

Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, in lieu of an answer, the defendant timely filed what I have construed as a motion to dismiss. In turn, the filing of a motion to dismiss effectively stayed the defendant's deadline to answer the plaintiff's complaint pending court action on his motion. *See* Fed. R. Civ. P. 12(a)(4)(A) ("[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]"). The defendant, hence, has not "failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). The plaintiff's motion for the entry of default, accordingly, is denied without prejudice.

### B. Defendant's Counterclaim

Counterclaim procedure is governed by Rule 13 of the Federal Rules of Civil Procedure. Rule 13 directs that a counterclaim be stated in a pleading. *See* Fed. R. Civ. P. 13(a)-(b). Rule 7 of the Federal Rules of Civil Procedure defines a "pleading" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the

2

court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). A motion to dismiss is not a pleading and, thus, does not permit the inclusion therein of a counterclaim. *See, e.g., Nat'l Ass'n of Gov't Emps., Inc. v. Nat'l Emergency Med. Servs. Ass'n, Inc.*, 969 F. Supp. 2d 59, 67 (D. Mass. 2013) ("The filing of a motion to dismiss does not allow a defendant to file counterclaims as a stand-alone filing.").

Because the defendant has not filed an answer in this case, his counterclaim cannot proceed. *See, e.g., Nat'l Prods. Inc. v. Arkon Res., Inc.*, Case No. C15-01553RSL, 2016 WL 9224046, at *3 (W.D. Wash. Nov. 8, 2016) (a defendant's stand-alone counterclaim does not constitute a pleading); *N. Valley Commc'ns, LLC v. Qwest Commc'ns Co.*, No. CIV. 11-4052-KES, 2012 WL 523685, at *2 (D.S.D. Feb. 16, 2012) ("Because a counterclaim is not a stand alone pleading, it must be stated within a pleading."); *Primerica Life Ins. Co. v. Davila*, No. 1:10-CV-1924 AWI SMS, 2011 WL 643395, at *3 (E.D. Cal. Feb. 17, 2011) ("Counterclaims are not separate pleadings, but are instead items that are asserted as part of another pleading, such as an answer."); *Biller v. Toyota Motor Corp.*, No. CV 09-5429 GHK (RZX), 2010 WL 300349, at *1 (C.D. Cal. Jan. 4, 2010) ("Defendant moves for leave to file a freestanding counterclaim, *i.e.*, without filing an answer" to the complaint. "This is improper under Federal Rules of Civil Procedure 7 and 13."). The defendant's counterclaim, accordingly, must be dismissed.

### III. Conclusion

For the foregoing reasons, I **DENY** without prejudice the plaintiff's motion for the entry of default and recommend that the court **DISMISS** the defendant's counterclaim without prejudice and **DIRECT** him to file an answer to the complaint within 14 days of the court's order.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum***

3

*and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 17th day of September, 2019.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
