# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| v. | ) ) | 1:19-cv-00119-JDL |
| GREG A. KING | ) ) ) |  |
| Defendant. | ) |  |

## ORDER ACCEPTING THE RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

United States Magistrate Judge John H. Rich III filed his Recommended Decision (ECF No. 30) with the Court on September 17, 2019, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2019) and Fed. R. Civ. P. 72(b), regarding Defendant Greg A. King's motion to dismiss the complaint (ECF No. 17).[1] King filed his objections to the Recommended Decision's proposed denial of the Motion to Dismiss.

### I. THE RECOMMENDED DECISION

The Recommended Decision noted that King's argument for dismissal was "unclear" but interpreted his filing as a challenge to the Court's subject-matter jurisdiction, "given his extensive discussion of jurisdiction." ECF No. 30 at 1. The Recommended Decision examined the Plaintiff's supporting documentation attached

---

[1] King, representing himself, filed a document with a heading of "Bill of Complaint in Equity; Presentment to Void Proceedings and Jurisdiction." ECF No. 13. Magistrate Judge Rich construed this filing as a motion to dismiss and a counterclaim. ECF No. 16. To the extent King objects to this construction, I find his objection meritless.

to its complaint and found that it had met its burden of demonstrating diversity jurisdiction under 28 U.S.C. § 1332(a).

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record and King's objections, and I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

## II. KING'S OBJECTIONS

I now turn to King's objections to the extent they make out new, unaddressed arguments. I read King's objections to assert the following three arguments: (1) that the Magistrate Judge had a conflict of interest; (2) that the Court lacks personal jurisdiction over King; (3) and that the Plaintiff's complaint lacks sufficient evidence.[2]

### A. Conflict of Interest

King asserts that Magistrate Judge Rich should have recused himself because he had a conflict of interest, stemming from his possible membership in the same bar association as the Plaintiff's attorneys. The objection is unfounded, and disqualification of Magistrate Judge Rich is not warranted because a judge's membership in a bar association does not, standing alone, call into question the

---

[2] The Magistrate Judge also filed an order denying King's Motion to Cure and for Arbitration (ECF No. 26), which the Magistrate Judge treated as a motion "to post a bond and to compel binding arbitration, or, in the alternative, request mediation." ECF No. 33. In his objections to the denial of the Motion to Dismiss, King also objects to the denial of his request for mediation. ECF No. 34. I do not opine here on the merits of King's objection as to that motion.

judge's impartiality. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a) (West 2019). However, "disqualification is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). Mere accusations of partiality do not suffice:

> No permissible reading of subsection 455(a) would suggest that Congress intended to allow a litigant to compel disqualification simply on unfounded innuendo concerning the *possible* partiality of the presiding judge. Indeed, "[a] trial judge *must* hear cases unless some reasonable factual basis to doubt the impartiality of the tribunal is shown by some kind of probative evidence."

*El Fenix de P.R. v. M/Y JOHANNY*, 36 F.3d 136, 140 (1st Cir. 1994) (emphasis in original) (footnote omitted) (quoting *Blizard v. Frechette*, 601 F.2d 1217, 1221 (1st Cir. 1979)).

A judge's membership in a bar association is "not indicative of partiality or prejudice" against an unrepresented party. *Cagle v. United States*, No. 3:15-cv-0350-J-20JBT, 2017 WL 6365897, at *1 (M.D. Fla. June 7, 2017); *see also Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association." (citing *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 57–58 (8th Cir. 1976))). Therefore, disqualification of the Magistrate Judge is not warranted.

B.  **Personal Jurisdiction**

King next objects that the Court does not have personal jurisdiction over him. "In the ordinary course, the district court acquires jurisdiction over a defendant only by service of process." *Jardines Bacata, Ltd. v. Diaz–Marquez,* 878 F.2d 1555, 1559 (1st Cir. 1989); *see also* Fed. R. Civ. P. 4(k)(1). "Pursuant to Rule 4(e)(1), service of process on an individual within the District of Maine is governed by Maine law." *Elektra Entm't Grp., Inc. v. Carter,* 618 F. Supp. 2d 89, 92–93 (D. Me. 2009) (citing Fed. R. Civ. P. 4(e)(1) and *M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 364 (1st Cir. 2004)). Here, personal service of the summons and complaint was made on King in accordance with the requirements of Maine law. *See id.* at 93 (citing Me. R. Civ. P. 4(d)(1)); ECF No. 6. Therefore, the Court has personal jurisdiction over King.[3]

C.  **Evidence Underlying the Complaint**

King argues that it is unfair that the "plaintiffs do not have to prove [their] claims with an affidavit from [a] witness with personal firsthand knowledge of the events and not solely the testimony of [their] attorney[s]." ECF No. 34 ¶ 4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

---

[3] King filed a separate document, captioned as a demand to set aside the summons for lack of a signature and seal. *See* ECF No. 35. I construe it as further objection to the Recommended Decision on personal jurisdiction grounds. The summons served on the Plaintiff contains the Clerk of Court's signature and seal, which King complains are absent. *See* ECF No. 6. I therefore find King's objection meritless.

4

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Because the complaint in this case contains allegations which, if true, state a claim that King is in default on the mortgage and note, the added step of a sworn affidavit is not required.

### III.  CONCLUSION

It is therefore **ORDERED** that the Recommended Decision (ECF No. 30) of the Magistrate Judge is hereby **ACCEPTED**, and the Defendant's motion to dismiss the complaint is **DENIED**.

**SO ORDERED.**

**Dated this 15th day of January, 2020.**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**