UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 1:19-cv-00119-JDL<br>) |
| GREG A. KING, | )<br>) |
| Defendant. | ) |

ORDER ON PLAINTIFF'S MOTION TO STRIKE

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, brings this action against Greg. A. King for foreclosure; breach of note; breach of contract, money had and received; quantum meruit; and unjust enrichment. King filed an answer to the complaint along with a "Notice of Removal" of a separate action to this Court. Because the notice of removal and answer were filed simultaneously, I treat the notice of removal as part of King's answer. U.S. Bank Trust moves to strike the "Notice of Removal" from King's answer (ECF No. 50). For the following reasons, I grant the Plaintiff's motion, and I warn King that any future frivolous filings by him will result in restrictions on his ability to file documents in this action.

I. BACKGROUND

On March 31, 2019, the Plaintiff filed its complaint in this case. After the resolution of several motions, King filed his answer to the complaint on January 29, 2020. Together with the answer, King filed a "Notice of Removal" purporting to remove a separate civil action to this Court. According to the document attached to

the notice, the separate civil action is a lawsuit filed by King in the District Court for the Northern District of New York, bearing docket number 1:16-cv-1490 against two judges of the District of Maine and the Plaintiff's attorney in this action. A review of that docket reveals no mention of King, the Plaintiff, the Plaintiff's counsel, or the aforementioned judges. Furthermore, the complaint in that case was dismissed with prejudice in 2017. *See Grand Jury, Sovereigns of the Court v. U.S. Cong.*, No. 1:16-cv-01490-LEK-DJS, ECF No. 36 (N.D.N.Y. July 17, 2017) (text order).

## II. LEGAL ANALYSIS

The Federal Rules of Civil Procedure provide that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *McGlauflin v. RCC Atl. Inc.*, 269 F.R.D. 56, 58 (D. Me. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)). Likewise, a matter is "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Burnett v. Ocean Props. Ltd.*, No. 2:16-cv-00359-JAW, 2017 WL 1331134, at *7 (D. Me. Apr. 11, 2017) (quoting *Ashey v. Lily Transp. Corp.*, No. 01-57-B-S, 2001 WL 705804, at *1 (D. Me. June 18, 2001)). "In general, a motion to strike should be denied unless it is clear that the challenged matter can have no possible bearing on the subject matter of the litigation." *Catling v. York Sch. Dep't*, No. 2:19-cv-00110-DBH, 2019 WL 3936386, at *5 (D. Me. Aug. 20, 2019) (quoting *McGlauflin*, 269 F.R.D. at 57–58), *adopted by* 2019 WL 4455986 (D. Me. Sept. 17, 2019).

King has not elaborated as to how the "Notice of Removal" and attached document have any bearing on the present action, and I find that they do not. On its face, the "Notice of Removal" pertains to a separate civil action filed and dismissed with prejudice well before the present litigation began. Moreover, that action apparently did not involve any party to this litigation or any of the lawyers or judges named in King's "Notice of Removal" and attached document. Therefore, the "Notice of Removal" and attached document are both "immaterial" and "impertinent" under Rule 12(f). Additionally, King's "Notice of Removal" and attached document might cause confusion or mislead a jury into erroneously believing that Plaintiff's counsel or certain judges of this District are or were involved in litigation with King.

Accordingly, I grant Plaintiff's Motion to Strike as to the "Notice of Removal" and attached "complaint," which I construe as part of King's answer, and I order ECF No. 48 stricken. *Cf. Barth v. United States*, No. 2:18-cv-00201-JAW, 2018 WL 5793845, at *3 (D. Me. Nov. 5, 2018) (noting that "the disfavored character of Rule 12(f) is relaxed somewhat" to protect the person who is the subject of the challenged allegations, "especially when the subject of the allegations is the integrity of the judiciary" (citations omitted)).

In addition to being immaterial and impertinent, King's "Notice of Removal" lacks a legal basis and is therefore frivolous. Although King is representing himself in this matter, that does not give him license to submit "groundless and inappropriate filings" to the Court. *D'Amario v. United States*, 251 F.R.D. 63, 64 (D. Me. 2008). "[F]rivolous filings waste judicial resources and unnecessarily delay the resolution of

matters within this Court's jurisdiction." *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 WL 2814627, at *1 (D. Me. July 2, 2019).

This is not the first time King has filed frivolous documents with the Court. For example, King has filed (1) a document captioned "Silver Surety Bond" in lieu of an answer (ECF No. 9); (2) a motion seeking, in part, to compel the Plaintiff to post a bond as "a requirement in admiralty by all statute merchants" (ECF No. 26) which was, as the Magistrate Judge recognized, "inapposite in this mortgage foreclosure action" (ECF No. 33); (3) a "Demand to Set Aside Summons & Orders of the Court" for "Lack of Signature and Seal" which the summons did in fact contain (ECF No. 35); (4) a baseless "Request for Foreign Registration Statement" from the Plaintiff (ECF No. 36); and (5) a baseless "Notice and Demand for Foreign Registration Statement" from the Magistrate Judge (ECF No. 37). King's frivolous filings have contributed to the needless protraction of this litigation.

In light of King's repeated frivolous filings in this action, the Court hereby provides a *Cok* warning to King: **Any further frivolous filings by King will result in an immediate Order restricting his ability to file pleadings, motions, and documents with the Court in this action.** *See Cok v. Family Court of R.I.*, 985 F.2d 32, 35–36 (1st Cir. 1993) (requiring that the Court warn a litigant before restricting the litigant's ability to file).

### III. CONCLUSION

For the reasons stated above, the Motion to Strike (ECF No. 50) is **GRANTED**, and ECF No. 48 is hereby **STRICKEN**. The Plaintiff's Request for Leave to Respond Further (ECF No. 52) is **DENIED** as moot.

SO ORDERED.

Dated: June 9, 2020

                                                                                 /s/ JON D. LEVY  
                                                                            CHIEF U.S. DISTRICT JUDGE