# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 1:19-cv-00119-JDL<br>) |
| GREG A. KING, | )<br>) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR RECUSAL AND *COK* ORDER**

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, brings this action against Greg. A. King for foreclosure of his real property among other claims. After resolving multiple frivolous filings by King throughout this case, I issued an order on June 9, 2020, warning King that any future frivolous filings by him would result in restrictions on his ability to file documents in this action. *See* ECF No. 53. On July 8, King filed a motion seeking the recusal of Magistrate Judge John C. Nivison (ECF No. 55). Because I find King's motion frivolous, I deny the motion and enter a *Cok* order, limiting King's ability to file documents on this docket.

A frivolous filing is one "[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law." Black's Law Dictionary, 11th ed. (2019); *see also In re Efron*, 746 F.3d 30, 37 (1st Cir. 2014) ("An appeal is frivolous if the arguments in support of it are wholly insubstantial and the outcome is obvious from the start."). The most that I can make of King's motion for recusal of the Magistrate Judge is an

objection that the Magistrate Judge lacked authority to enter a scheduling order.[1] As the Supreme Court of the United States has recognized, Congress has authorized the appointment of magistrate judges "to assist Article III courts in their work," and their "distinguished service" helps keep the federal courts operating smoothly. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938−39 (2015). As relevant here, Congress has specifically authorized district courts to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C.A. § 636(b)(1)(A) (West 2020). As such, it is "standard practice" in federal courts for magistrate judges to conduct discovery and scheduling matters. *Corrigan v. Mortg. Elec. Registration Sys., Inc.*, No. 1:12-cv-840 (LMB/TCB), 2012 WL 5305186, at *2 (E.D. Va. Oct. 23, 2012); *see also* D. Me. Local R. 72(a); *Marcello v. Maine*, No. CV-06-68-B-W, 2007 WL 397128, at *1 (D. Me. Feb. 1, 2007) (rejecting argument that magistrate judge lacked authority under D. Me. Local R. 72 in the absence of an explicit local rule elsewhere).

In place of substantive legal argument, King's motion instead provides meritless conspiracy theories and implied threats. For example, King asserts that judges are "all collection agents for the private international bankers." ECF No. 55 at 1 (emphasis omitted). He further states that "[t]his court, the judges, the attorney's [sic], and court clerks who have conspired to steal [his] property by silent deception and inducement by fraud will answer for this fraud." *Id.* at 2. Additionally,

---

[1] King also reiterates several arguments that the Court has previously rejected, including that the Court lacks personal jurisdiction over him and lacks subject-matter jurisdiction and that a magistrate judge must be recused for possibly sharing membership in the same bar association as a party's attorney. I do not revisit those meritless arguments.

King warns that he "will be appearing with a group of men and women who are all willing to sign an affidavit of treason to be sent to the President of the United States and the Attorney General" and that the Court is "waring [sic] against the Constitution and will be delt [sic] with accordingly." *Id.* at 4 (emphasis omitted).

Accordingly, King's motion (ECF No. 55) is **DENIED** as frivolous.

In my Order dated June 9, 2020, pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35–36 (1st Cir. 1993), King was warned of the consequences of continuing to make frivolous filings: "Any further frivolous filings by King will result in an immediate Order restricting his ability to file pleadings, motions, and documents with the Court in this action." ECF No. 53 at 4. Accordingly, I now issue the following *Cok* order against Greg A. King:

Except for filings, if any, challenging this Order and filings responding directly to the merits of any filing by the Plaintiff in this case or any issuance from the Court, the Court prohibits any further filings in this docket by Greg A. King without prior permission.

If King wishes to file any other document in this docket, he must first file a motion for leave to do so. In the motion for leave, King must explain the type of filing he seeks to file, he must attach the proposed filing to the motion, and the motion for leave to file must not exceed three pages. The Court shall review the proposed filing and the motion for leave to file it and will determine whether the filing will be allowed. If King does not comply with this procedure, his filings will not be considered unless they meet the exceptions explained in the previous paragraph.

3

To the extent any permitted filing includes language not relevant to the merits of the filing it is responding to, or language not relevant to the purpose for which King's motion for leave has been granted, such language shall be stricken and not considered by the Court.

**SO ORDERED.**

**Dated this 31st day of July, 2020.**

                                                         /s/ Jon D. Levy
                                         **CHIEF U.S. DISTRICT JUDGE**